Potter, Judge, &c. *v.* Webb & als.

POTTER, Judge, &c. *v.* WEBB & als.

A decree of the Judge of Probate, not appealed from, in a matter of which he has jurisdiction, is conclusive upon all persons.

In a *scire facias* brought to have further execution of a judgment rendered upon a Probate bond, for the amount of a dividend decreed since the judgment, a plea by the sureties in the bond that the decree was obtained by fraud and collusion, without naming the parties to the fraud, was held bad.

THIS was a *scire facias* on a judgment of this Court at *May* term 1814, for ten thousand dollars, being the penalty of a bond given by *Joshua Webb* and *Susanna Webb* as administrators on the estate of *Jonathan Webb*, the other defendants being their sureties. In the writ it was recited that, at a Probate Court on the fourth Wednesday of *April* 1819, a further dividend of the sum of $5250 was decreed by the Judge to be made among the heirs of the deceased, being part of the balance of an account then settled by *Joshua Webb* as sole administrator, of which five hundred dollars was decreed to be paid to *Samuel D.*

*Pike* and *Mary* his wife, in her right, and for which sum this suit was brought to obtain execution, in their behalf.

*Joshua Webb* entered no appearance to the action. *Susanna*, with her husband, she having become a feme covert since the rendition of the judgment in 1814, appeared, and with the other defendants pleaded—

1. That there was no such decree; which was traversed, with a profert of the record, and issue taken thereon.

2. In bar of further execution—that in the last account of said *Joshua Webb*, on which the decree was founded, there were errors and mistakes, he being charged with rents of real estate for which he was not chargeable as administrator; and with sundry notes of hand and bills of exchange as due from himself to the deceased, for which his sureties were not liable.

To this the plaintiff demurred, assigning for cause—1. duplicity, in alleging divers errors and sums for which the administrator was not chargeable, and other sums for which his sureties were not chargeable, without any averment that the administrator was not liable for these last sums;—2. because pleaded by the administrator and his sureties jointly, whereas if good at all, it was good for the sureties only;—3. because double, informal, &c.

3. In bar of execution beyond the sum of $291,12, because the sureties in the bond had paid to heirs and creditors, and for charges of administration, the whole penalty except that sum.

To this the plaintiff demurred, alleging for cause, that it shewed no payment of interest beyond the penalty of the bond, nor denied that any was due;—and that it did not answer the whole declaration; and was informal, &c.

4. In bar of further execution, because in the account on which the decree was founded, *Joshua Webb* was charged erroneously with large sums which were not due from him, and for which his sureties were not liable.

To this the plaintiff demurred—assigning the causes stated in the demurrer to the second plea.

5. In bar of further execution, because, in the account on which the decree was founded, *Joshua Webb* was fraudulently charged with divers sums of money not due from him to the estate, and for which his sureties were not liable.

Potter, Judge, &c.  *v.*  Webb & als.

To this also the plaintiff demurred, alleging, among other causes, that it contained no averment, that said *Joshua* was charged by the fraud or collusion of any heir, legatee, or creditor of the deceased, nor of any other person but himself.

· *Hopkins* and *Anderson*, in support of the demurrers, argued— 1. that the decree of the Judge of Probate, having been made after public notice, upon a matter within his exclusive jurisdiction, and not appealed from, nor reversed, was now conclusive and binding upon all persons.  *Hunt v. Hapgood*, 4 *Mass.* 117. *Sumner v. Parker*, 7 *Mass.* 83.    *Smith v. Rice*, 11 *Mass.* 507.— 2. that the third plea was bad, because it admitted a part of the debt to be due ;—*Fitzgerald v. Hart*, 4 *Mass.* 429 ; and because it does not allege payment of interest on the judgment;— *Powel on Mortg.* 405. 1100.—3. that the fifth plea was bad in not naming the parties to the alleged fraud.

*Longfellow* and *Greenleaf,* for the defendants, observed that the case of the sureties presented a strong claim in equity ; the administrator being insolvent, and having, without their knowledge, settled an account and obtained a decree distributing a large sum, partly to himself as an heir, on items of account for the most part not chargeable to an administrator.   They urged also that as the record now shewed the marriage of the feme administratrix since the rendition of judgment, the bond ought to be considered as thenceforth inoperative, and the sureties released, the marriage being a repeal, *pro tanto,* of the administration ;—and they likened it to the case of a bond given for the fidelity of a clerk to a mercantile house, which is void upon any change of partners in the firm..   Upon the matter of the pleas they argued—1. That the decree was not conclusive, it being against the administrator alone.   The sureties were not parties nor privies to it.   Had the bond been sued against the principal alone, and judgment had thereon, this judgment would not bar the sureties in another action against them at common law on the same bond ;—*a fortiori* the decree is no bar here.   *Kip v. Bridgham*, 6 *Johns.* 158.  *Fowler v. Collins*, 2 *Root*, 231.   *Peake's Ev.* 38.—2. That the demurrer admitting the payment of the money alleged in the third plea, it is good.

evidence on a hearing in chancery, if not a good bar as pleaded.—3. That the allegation of fraud was well pleaded. If it was the fraud of the administrator himself, it was enough to invalidate the decree as to the sureties, and all others whom it injured. The plea alleges the existence of a vitiating ingredient, which, not being traversed, must be taken still to exist in the decree, and to render it void. It was as easily traversable as if the party contriving it had been particularly named.

MELLEN C. J. delivered the opinion of the Court as follows.

Several objections are made to each of the pleas in bar.— The second plea is founded on an alleged mistake in the probate-account settled by *Joshua Webb,* one of the administrators, by means of which he was made chargeable for a much larger amount than was actually due.—The answer to this is, that an appeal should have been claimed from the decree of the Judge of Probate, to this Court, as the Supreme Court of Probate.—As none was claimed, the decree passed by that Court on that occasion is in full force—and this Court, sitting as a Court of common law, cannot examine it, or the accounts on which it is founded. This plea is therefore bad.

As to the third plea, were there no other objection against it it is bad, as it admits a forfeiture of the bond at law;— because the averment in it is, that the sureties have paid away to heirs and creditors the sum of nine thousand, seven hundred and eight dollars and eighty-eight cents, being the whole penalty of the bond excepting the sum of two hundred and ninety-one dollars and twelve cents.—As the sureties are answerable to the extent of the penalty at least, the fact pleaded, if true, can only be good by way of defence in chancery.

The fourth plea is bad for the same reasons that we have pronounced the second to be so.

The averment in the fifth plea is, that in the account settled in the Probate Court by *Joshua Webb,* one of the administrators, on which the decree was passed, he was " fraudulently and col-" lusively charged with divers sums of money, of great amount, " *viz.*—to the amount of ten thousand dollars, which were not " due from said *Joshua* to said estate ;" and for which his sure-ties " are not liable."—But there is nothing in this plea which

implicates any one in particular in the alleged fraud and collusion ; certainly nothing shewing or leading us to suspect that the Judge of Probate, or any person or persons for whose use and benefit this action is commenced and prosecuted, were parties to the fraud. There are other defects in the plea which it is unnecessary to examine. This therefore must share the fate of the three preceding pleas.

*Pleas in bar adjudged insufficient.*